#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### DEL RIO DIVISION

| | | |
|---|---|---|
| MARY SALAZAR | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | Civil Action No. 2:19-cv-38 |
| | § | |
| UNITED STATES OF AMERICA | § | |
|     Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mary Salazar, by and through the undersigned counsel, hereby files her Original Complaint against Defendant United States of America, and alleges:

### JURISDICTION AND VENUE

1. This action is brought pursuant to Federal Torts Claims Act, 28 U.S.C. § 2671, et seq.

2. On January 4, 2019, Plaintiff submitted an Administrative Claim for the claim set forth below with the appropriate agency (U.S. Customs and Border Protection), which claim was received and acknowledged as timely.

3. No agency action has been taken and six months has elapsed since the administrative claim has been filed. All conditions precedent to filing a Federal Tort Claims Act have been satisfied.

4. Sovereign immunity has been waived under the Federal Tort Claims Act because on January 13, 2017, Frederick C. Newberry, who was acting within the scope and course of his employment with the U.S. Customs and Border Protection, negligently crashed into Plaintiff as she was completely stopped at a stop sign. Thus, sovereign immunity is waived because the United States would be liable under Texas law if it were a private person or entity. Driving a vehicle under

these circumstances is not a "discretionary function" because it does not involve an agency's political, social and economic judgment.

5. Venue is properly within this District under 28 U.S.C. § 1402(b) because the acts complained of occurred in Val Verde County, Del Rio, Texas, which is within the Western District of Texas.

## PARTIES

6. Plaintiff is a resident of Del Rio, Texas.

7. The United States of America is an appropriate defendant under the Federal Tort Claims Act. Service of process is being obtained pursuant to Rule 4(i)(1).

## CAUSE OF ACTION- NEGLIGENCE

8. On January 13, 2017, Plaintiff Mary Salazar came to a complete stop at the stop sign located at the intersection of Chapman Road and Veterans Boulevard in Del Rio, Texas. Plaintiff is a private citizen who does not work for and is not affiliated with any government agency or with the armed forces. While Plaintiff was stopped at the intersection, Officer Newberry rear-ended Ms. Salazar. Officer Newberry was not responding to an emergency and was not otherwise engaged in any urgent activities. He simply was operating his vehicle in a negligent manner and rear-ended Plaintiff. Such negligence included a failure to keep a proper lookout, a failure to maintain an assured, clear distance, a failure to keep his vehicle under control, and a failure to stop his vehicle in time to avoid hitting Plaintiff's vehicle, which was completely stopped.

9. Officer Newberry was on duty at the time of the collision and was acting within the scope and course of his employment with U.S. Customs and Border Protection at the time the collision occurred. The investigating police officer at the scene assigned fault to Officer Newberry in the "Contributing Factors" section of the crash report.

## **DAMAGES**

10.     Plaintiff was injured as a proximate result of Officer Newberry's negligence, which negligence proximately caused the collision that forms the basis of this suit.  Although there are several injuries to her body, her primary injuries are to her neck and back.  These injuries have required Plaintiff to receive reasonable and necessary medical treatment.  For example, Plaintiff's neck injuries, which were proximately caused by Officer Newberry's negligence, caused Plaintiff to undergo C5-7 anterior cervical discectomy and fusion surgery, as well as other treatment.  Plaintiff has also received reasonable and necessary medical treatment to her back and other parts of her body that were injured as a proximate result of the collision that forms the basis of this suit.  In all reasonable medical probability, Plaintiff will require medical care in the future for the injuries she sustained in the collision that forms the basis of this suit.  Plaintiff seeks recovery for all past and future medical treatment that are causally related to the collision that forms the basis of this suit.

11.     Additionally, as a proximate result of Officer Newberry's negligence, Plaintiff has also suffered other damages including past and future lost wages, past and future pain and suffering, past and future impairment, past and future disfigurement, past and future lost capacity and other related damages, for which she seeks recovery herein.

## **PRAYER**

12.     Wherefore premises considered, Plaintiff prays that she have judgment against Defendant for actual damages shown and proved at trial, costs of court, and for all other relief, legal and equitable, to which she is entitled.

Respectfully submitted,

THE PACKARD LAW FIRM

By: _____
      Daniel W. Packard
      State Bar No. 00791392
      Email: dan@packardfirm.com
      1100 NW Loop 410, Suite 104
      San Antonio, Texas 78213
      Telephone Number: (210) 340-8877
      Fax Number: (210) 340-8787
      Attorney for Plaintiff